**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HO WAN KWOK. *et al.,* ) | Case No. 22-50073 (JAM) |
| ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |
| LUC A. DESPINS, Chapter 11 Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adv. Pro. No. 24-05128 |
| v. ) | |
| ) | |
| MILLER MOTORCARS, INC., ) | November 13, 2025 |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant Miller Motorcars, Inc. ("Miller Motorcars") by and through their attorneys, Gilbride, Tusa, Last & Spellane LLC, for its Answer to the Complaint, states and alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 7, 9-25, 27-29, 32 and 35 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, but, based on a confirmation received from Wells Fargo Bank, admits that on May 27, 2021, Wells Fargo Bank received a wire transfer of $294,306.00 (the "Wire Transfer") from Signature Bank wherein the "Originator to Beneficiary Info" stated: "Attn: Diane Panzarino - Mr.

Cao," and the amount received was payment for a vehicle conveyed by Miller Motorcars to the purchasing party (the "Vehicle Sale").

3. Denies the allegations contained in paragraphs 3, 4, 5, 26, 31 and 33 of the Complaint.

4. Admits the allegations contained in paragraphs 8 and 30 of the Complaint.

5. Paragraph 6 of the Complaint states a legal conclusion to which no response is required; provided, however, that to the extent a response is deemed required, Miller Motorcars denies such allegations.

6. Denies the allegations contained in paragraph 34 of the Complaint, observes that it has not been provided Schedule A and therefore can neither admit nor deny the contents of Schedule A but admits Miller Motorcars received the Wire Transfer and conveyed the vehicle pursuant to the Vehicle Sale.

7. Is unable to respond to paragraph 36 as it has not been provided with a copy of Schedule A but admits it received the Wire Transfer and conveyed the vehicle pursuant to the Vehicle Sale.

### Response to the First Claim

8. With respect to paragraph 37 of the Complaint, Miller Motorcars repeats and realleges its responses to each and every allegation contained in paragraphs 1 through 36 with the same force and effect as if set forth in full hereat.

9. Denies the allegations contained in paragraphs 38-40 of the Complaint.

**Response to Second Claim for Relief**

10. With respect to paragraph 41 of the Complaint, Miller Motorcars repeats and realleges its responses to each and every allegation contained in paragraphs 1 through 36 with the same force and effect as if set forth in full hereat.

11. Denies the allegations contained in paragraphs 42-44 of the Complaint.

**DEFENSES**

12. This Court lacks jurisdiction to hear and decide this matter.

13. The Constitution of the United States requires this matter be heard by an Article III Court and that Defendant is entitled to and demands a jury.

14. Defendant does not consent to this Court hearing and deciding this matter.

15. The Wire Transfer was received in payment for the Vehicle Sale and the vehicle was transferred to the purchasing party and has neither been returned nor tendered to Miller Motorcars.

16. The Vehicle Sale was a sale for value without notice of it being voidable.

17. The Vehicle Sale is not voidable.

18. Miller Motorcars received the Wire Transfer in good faith, without knowledge of any wrongful act and gave reasonably equivalent value in return for the Wire Transfer.

WHEREFORE, Defendant Miller Motorcars, Inc. requests that the Court dismiss the Complaint together with such other relief as to which it may be entitled.

        s/Eric Seltzer
          Eric Seltzer / Fed Bar #CT01224
        Gilbride, Tusa, Last & Spellane LLC
        30 Brewster Lane
        Bellport, NY 11713
        Email: ehs@gtlslaw.com
        Telephone:  914 522-6796

## CERTIFICATE OF SERVICE

      I hereby certify that on November 13, 2025, the foregoing was served on all parties entitled to service via the Court's Case Management/Electronic Case Files System ("CM/ECF").

                                      s/Eric Seltzer
                                          Eric Seltzer / Fed Bar #CT01224